THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: December 6, 2016



Susan V. Kelley
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE<br>Charles Andrew Hoffkins aka CA Hoffkins and<br>Suzanna Marie Hoffkins aka Susan Marie Hoffkins<br>aka Suzanna M. Schultz<br><br>    Debtors. | Chapter: 13<br><br>Case No. 15-30114-svk |

**ORDER DENYING THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-RS11 RENEWED MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT**

Pursuant to the renewed motion of The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2003-RS11, its successors and/or assignees (hereinafter "the movant") with respect to the property located at 705 Cobb Rd, Elkhorn, WI 53121-9475, this matter was heard on October 18,

Drafted by:

Brian D. Perhach
Gray & Associates, L.L.P.
16345 West Glendale Drive
New Berlin, WI 53151-2841
Phone: (414) 224-8404
Fax: (414) 224-1279
Email: bperhach@gray-law.com

Gray & Associates, L.L.P. is attempting to collect a debt and any information obtained will be used for that purpose.   If you have previously received a discharge in a chapter 7 bankruptcy case, this communication should not be construed as an attempt to hold you personally liable for the debt.

2016, the movant appearing through its counsel, Gray & Associates, L.L.P., by Brian D. Perhach, and the debtor(s) appearing through Nickolai & Poletti, LLC, by William Nickolai, and Robert Stack appearing on behalf of the Chapter13 trustee and upon the arguments and statements of counsel and all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the motion is denied subject to the following terms and provisions of this order:

1. That the movant may file a supplemental claim for the post-petition arrearage which exists through the end of October 18, 2016 in the amount of $4,153.65. The arrearage is itemized as follows:

| | |
|---|---:|
| 5/1/16 through 5/1/16 | $1,250.73 |
| 1 mortgage payments @ $1,250.73 | |
| 6/1/16 through 10/1/16 | 6,253.65 |
| 5 mortgage payments @ $1,250.73 | |
| Attorney Fees and Costs | 450.00 |
| Payment received 9/25/2016 | 1,250.00 |
| Payment received 10/2/2016 | 1,300.00 |
| Payment received 10/4/2016 | <u>1,250.73</u> |
| TOTAL ARREARAGE | <u>$4,153.65</u> |

That nothing herein shall preclude the debtor from objecting to the supplemental claim if the debtor can produce proof of payments for which he received no credit.

2. That commencing in November 2016, and continuing through to the end of April 2017, the debtor shall make all monthly mortgage payments to the movant in sufficient time to be received on or before the 16th day of each month in which each such payment is due. In the event any such payment is not received in a timely manner, counsel for the movant may submit an affidavit of default and proposed order for immediate relief from the automatic stay to the court for signature.

3. That commencing in May 2017, the debtor shall make all monthly mortgage payments to the movant in sufficient time to be received on or before the 16th day of each month in which each such payment is due. In the event any such payment is not received in a timely manner, counsel for the movant may request by letter another hearing upon the motion for relief from the automatic stay.

4. That pending further notice, the amount of the monthly mortgage payment is $1,250.73

and payments shall be made to the movant at Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100 West Palm Beach, FL 33409.

     5.     That the Court will not enforce the "doomsday provision" (but would enforce a letter renewal to which no objection was filed) for any post-petition payment defaults prior to the effective date of this Order. The effective date of this Order is 14 days after entry.

#####