UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

CHARLES A. HOFFKINS and
SUZANNA M. HOFFKINS,

Debtors.

Case No. 15-30114-kmp

Chapter 13

### NOTICE AND REQUEST TO MODIFY CONFIRMED CHAPTER 13 PLAN UNDER 11 U.S.C. §1329(d)

The debtors filed papers with the Court requesting modification of the confirmed Chapter 13 Plan in the above case under the chapter 13 bankruptcy provisions of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act amended the Bankruptcy Code by adding 11 U.S.C. §1329(d), which provides, "a plan confirmed prior to [March 27, 2020] . . . may be modified upon the request of the debtor if—(A) the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID–19) pandemic". Qualifying plans modified under §1329(d)(1) "may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due." §1329(d)(2). Section 1329(d) expires on March 27, 2021.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to confirm the modified plan as proposed, or if you want the Court to consider your views on the request, then on or before 21 days after service of this notice (the "Notice Period") you or your attorney must file an objection that states the factual and legal bases therefor. If the objection states a plausible basis in fact and law, the Court will schedule a hearing on the motion to modify. File your written objection electronically or mail it to:

Clerk of Bankruptcy Court
517 E. Wisconsin Avenue
Room 126
Milwaukee, WI 53202-4581

If you mail your objection to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the expiration of the Notice Period.

**If you or your attorney do not take these steps, the Court will presume you consent to the proposed modification of the plan and forfeit any objection to it.**

**REQUEST TO MODIFY CONFIRMED CHAPTER 13 PLAN PURSUANT TO §1329(d)**

1. The debtors have experienced the following material financial hardship due, directly, or indirectly, to the COVID-19 pandemic:

    Mr. Hoffkins is currently off of work and hospitalized with COVID-19.

2. The plan, which the court **originally confirmed** on July 15, 2016, and last modified on February 7, 2020, is modified as follows:

    (a) Plan payments shall be suspended for a total of three (3) months. No Plan payments shall be due for the months of January, February or March 2021. Standard plan payments shall resume in April 2021.

    (b) During these three (3) months, no payments shall be disbursed on secured claims which have fixed payments, if any.

    (c) The plan will be further modified after payments resume, if necessary, to maintain a feasible plan.

    (d) The legal fee of $300.00, payable to Attorney William Nickolai, shall be added to this plan for the preparation and filing of this post-confirmation modification.

    (e) All remaining terms of the Chapter 13 Plan originally confirmed on July 15, 2016, and last modified on February 7, 2020, are unaffected. In the event of a conflict between the terms of the confirmed Plan and the terms of this modification, the terms of this modification control.

3. Notice and Service: The debtor[s] served this modification and notice of a 21-day objection period on all interested parties (the debtor, the trustee, the United States trustee and all creditors) as required by Fed. R. Bank. P. 3015(h), unless otherwise ordered.

    Note: A certificate of service must be filed with this request for plan modification demonstrating that this proposed modification has been served on all interested parties (the debtor[s], the trustee, the United States trustee and all creditors) as required by Fed. R. Bank. P. 3015(h), or on those parties required by court order.

    WHEREFORE, the proponent requests that the Court approve this modification to the confirmed Chapter 13 Plan.

# CERTIFICATION

Each proponent or the attorney for each proponent must sign this certification. If the proponent is the Debtor, the Debtor's attorney must sign this certification, and the Debtor may, but is not required to sign. If the Debtor does not have an attorney, the Debtor must sign this certification.

**The provisions in this modified Chapter 13 plan are identical to those contained in the official local form other than the changes listed in part 2.**

I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted:

Dated: December 31, 2020

/s/ Charles A. Hoffkins
*Charles A. Hoffkins*

/s/ Suzanna M. Hoffkins
*Suzanna M. Hoffkins*

*Attorney William P. Nickolai*
Attorney for proponent
*Nickolai & Poletti, LLC*
*152 E. State Street*
*Burlington, WI 53105*
*Phone (262) 757-8444*
*Email bill@nickolailaw.com*